Mr. Justice ThacheR
delivered the opinion of the court.
Burris filed his bill in the vice-chancery court, in which he charged that in 1839 he became indebted to William Carter in the sum of $269.10, for which amount he made, and gave Carter his promissory note; and that in May, 1843, in order to secure Carter for the payment of the note, and at his request he executed to him a bill of sale of a slave valued at $600, the said Carter making his promissory note to Burris for the difference in the amount, after deducting from the estimated value of the slave the amount of the promissory note of Burris, together with the interest accrued thereon. The bill charged further, that the bill of sale, although absolute upon its face, was in reality designed to be but a mortgage, and that Carter delivered to Burris the promissory note of Burris, to be credited, from time to time, by any payments made by Burris. The bill was filed by Burris to redeem the slave, and it was so decreed in the vice-chancery court.
The question is as to the bill of sale, whether it was absolute or designed as a mortgage only.
The evidence of the numerous witnesses tends most strongly to show that the sale was not absolute, and to confirm the ground assumed in the bill. Hayden testifies that “ Carter told him that the sale was not absolute, but that Burris was to have the slave when he paid the amount due Carter.” Again, Car *529 ter did not take possession of the slave until 1845, and then only, as the proof seems to exhibit, as hired from Burris. And, again, sometime after the execution of the bill of sale, Burris paid Carter the sum of $40, 'which, was credited on the note of Burris in the handwriting of Carter. The evidence of the witnesses and the circumstances occurring in the case sufficiently substantiate the allegations of the bill.
Decree affirmed, and cause remanded.